IN THE UNITED STATES DISTRICT
COURT FOR THE NORTHERN DISTRICT
OF GEORGIA ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>*v.*<br><br>**CAOJO  DETORI STEWARD,**<br>**A/K/A "D-BOY," A/K/A "D,"**<br>**JERON DAMANI GEORGE,**<br>**WILLIAM RIVERS,**<br>**DEMETRIUS LEWIS,**<br>**A/K/A "JUNIOR," AND**<br>**MONTRESE DENTAY GOODWIN,**<br>**A/K/A "MAN-MAN"** | **Criminal Action No.**<br><br>**1:19-CR-435-AT-RDC** |

## REPORT AND RECOMMENDATION

This case is before the undersigned on Mr. Steward's pending Motion to Sever Counts. [Doc. 101].  This motion is **DENIED** for the reasons presented below.

## Indictment

On July 2, 2020, defendant Caojo Detori Steward filed a Motion to Sever Count 5 from Counts 1-4 for trial.[1]  Mr.  Steward and co-conspirators Jeron George,

---

[1]   Although Mr. Steward's motion initially requests severance only of Count 5, he later states that he seeks "a severance of the robbery, assault and gun charges from the drug-related charges." [Doc. 101 at 3]. To avoid any confusion, this Court construes this motion as a request to sever Counts 5-10 (the Attempted Hobbs Act robbery charge, weapons and assault charges) from Counts 1-4 (the drug distribution charges). This Court recognizes that Mr. Steward is not charged in Counts 6-10 but will consider all the counts because both parties address them in their memoranda.

William Rivers, Demetrius Lewis, and Montrese Goodwin are named in a ten count Indictment with conspiracy to distribute controlled substances, attempted Hobbs Act Robbery, assault and various firearms offenses. [Doc. 36].   Mr. Steward is charged with distribution of a controlled substance on or about August 21, 2019 (Count 1); distribution of a controlled substance on or about September 4, 2019 (Count 2); conspiracy to distribute a controlled substance between a date unknown to the Grand Jury through on or about October 8, 2019 (Count 3); possession with intent to distribute a controlled substance on or about October 8, 2019 (Count 4) and attempted Hobbs Act Robbery on or about October 8, 2019 (Count 5). [Doc. 36]. Counts 6-10 involve firearms and assault charges that occurred immediately following the attempted robbery.  Mr. Steward is not named in these counts.

On August 31, 2020, the Government filed its first response. [Doc. 128].  On September 14, 2020, Mr. Steward filed his reply in support of his motion [Doc. 136] and this Court heard oral arguments on November 4, 2020. [Doc. 153]. Following this hearing, the Government filed a supplemental response on November 25, 2020. [Doc. 162].  Mr. Steward filed a reply to this pleading on December 9, 2020. [Doc. 165].

## Defendant's contentions and Government's response

Mr. Steward moves to sever Counts 5-10 for trial because he submits they are improperly joined with the counts involving allegations of drug trafficking.

[Doc. 101 at 2-3]. He alleges that the drug-related counts (Counts 1-4) are not "of the same or similar character as the robbery, assault, and firearms counts and they are not based on the same act, transaction or scheme." Id. at 2. He also alleges the counts must be tried separately because joinder would be unduly prejudicial. [Doc. 136 at 5]. This alleged prejudice, he argues, would arise from the introduction of evidence involving acts of violence perpetrated against law enforcement officers; crimes he did not commit. Because the drug offenses are "separate and distinct from evidence related to robbery, assault and gun crimes," he submits he will not receive a fair trial if they are tried together. [Doc. 101 at 4].

In response, the Government submits that all of the counts in the Indictment are properly joined because they are part of the larger scheme and plan of the conspiracy. [Doc. 128 at 5- 6]. The Government alleges that Mr. Steward conspired with his co-conspirators to rob the confidential source ("CS") because he "knew the CS would be likely to arrive as planned, and be carrying the agreed upon $18,000 in cash, because the prior two sales of cocaine were successful." [Doc. 128 at 5]. It explains that the drug investigation that led to the pending Indictment began with purchases of cocaine by the CS from Mr. Steward. [Doc. 128 at 1-3]. The drug transactions allegedly occurred at Mr. Steward's home. During the final transaction, co-conspirators Rivers, Lewis and Goodwin attacked the CS and robbed him of the funds. [Doc. 128 at 2-3]. In an attempt to avoid arrest, they exchanged gunfire with

federal agents near Mr. Steward's residence.  Although Counts 5-10 charge different criminal conduct, the Government avers that the counts "are based on the same scheme; that is, to rob the CS of the money brought for the drug transaction." [Doc. 128 at 6].  Because the drug transaction was directly related to evidence of "the planning of, and motive for, the attempted Hobbs Act Robbery," the Government submits that joinder is proper.

The Government also argues that Mr. Steward has failed to establish that he would be denied a fair trial or suffer "compelling prejudice" if the counts are not severed. [Doc. 128 at 7-8].  It suggests that any potential prejudice could be avoided with a cautionary jury instruction at trial; a remedy favored by the Eleventh Circuit and compelled by Fed. R. Crim. Pro. 14. *Id.*

## Legal authority and Analysis

In order to determine whether severance is appropriate, this Court must consider whether initial joinder is proper under Fed. R. Crim. Pro. 8.  *United States v. Gaba*, 923 F.2d 1536, 1539 (11th Cir. 1991).  This Rule states:

> The indictment or information may charge a defendant in separate counts with 2 or more offenses if the offenses charged – whether felonies or misdemeanors or both – are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan. Fed. R. Crim. Pro. 8(a).

Fed. R. Crim. Pro. 8(b) allows for joinder of two or more defendants "if they are alleged to have participated in the same act or transaction, or in the same serious

of acts or transactions, constituting an offense or offenses.  The defendants may be charged in one or more counts together or separately.  <u>All defendants need not be charged in each count</u>." (Emphasis added). "[T]he general rule is that [d]efendants indicted together should be tried together, especially in conspiracy cases." *United States v. Chavez*, 584 F.3d 1354, 1359-60 (11th Cir. 2009).

If this Court finds Rule 8 is satisfied, it must then determine whether severance would be appropriate under Fed. R. Crim. Pro. 14 because the defendant would suffer prejudice. According to Rule 14: "If the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires." <u>See</u> *United States v. Kopituk*, 690 F.2d 1289 (11th Cir. 1982).  "In deciding a motion for severance, the Court must balance the right of a defendant to a fair trial against the public's interest in efficient and economic administration of justice." *United States v. Zielie*, 734 F.2d 1447, 1464 (11th Cir. 1984).  Severance will be granted only if Mr. Steward "can demonstrate that a joint trial will result in specific and compelling prejudice to the conduct of his defense." *United States v. Marszalkowski, 669 F.2d 655, 660 (11th Cir. 1982)*, *cert. denied sub nom., Brock v. United States, 459 U.S. 906 (1982)*. A defendant carries a "heavy burden of demonstrating that 'compelling prejudice' would result from a joint trial." *United States v Lopez*, 649

F.3d 1222, 1234 (11th Cir. 2011)(citing *United States v. Browne*, 505 F.3d 1229, 1268 (11th Cir. 2000)); *United States v. Liss*, 264 F.3d 1220,1228 (11th Cir. 2001).

In the instant case, Mr. Steward argues that severance is warranted for several reasons. First, he submits that the evidence related to Counts 5-10 is not of the same or similar character as the drug-related offenses, and is not based on the same "act, transaction or scheme." [Doc. 101 at 2].   He also claims the Indictment fails to establish a connection between the October 8th drug transaction and the attempted robbery.  [Doc. 136 at 2].  In addition to these claims, Mr. Steward argues that even if these offenses are found to be factually related, introduction of the evidence regarding acts of violence alleged in Counts 6-10 "would be highly likely to prejudice the jury against [him]."[Doc. 101 at 3].

The Government disputes these assertions. In response to the claim that Counts 5-10 are dissimilar to the drug charges, the Government argues that the drug trafficking counts and the counts related to the attempted Hobbs Act Robbery are "part of a larger scheme and plan." [ Doc. 128 at 6].  It notes that the CS had completed two prior drug purchases from Mr. Steward, paying cash on both occasions.  Prior to the third transaction, Mr. Steward expected the CS to bring the $18,000 payment. Armed with this information, Mr. Steward conspired with his co-conspirators to rob the CS with the intent to share the proceeds. Because the planned robbery concerned the drug transaction Mr. Steward orchestrated, the Government

submits that all of the counts "are connected with or constitute parts of a common scheme or plan." [Doc. 162 at 7]. This Court agrees. The fact that Counts 5-10 address conduct related to the attempted robbery as opposed to the drug trafficking allegations does not prove that the latter offenses are unrelated. But for Mr. Steward's willingness to share the details of the anticipated October 8th drug transaction, his co-conspirators would not have been aware of the time, place or purpose of this third meeting. The fact Mr. Steward was not involved in the subsequent assault and firearm offenses does not establish that those acts are unrelated to the illegal conduct that preceded it. See *United States v. Dominguez,* 226 F.3d 1235, 1239 (11th Cir. 2000)("[r]egardless of whether both sets of charges involve the presentation of the same evidence, the fact that one illegal activity provides the impetus for the other illegal activity is sufficient to constitute a common scheme for joinder purposes."). Thus, this Court finds that joinder of all ten counts is proper because they constitute parts of a common scheme – criminal conduct involving trafficking in controlled substances.

As for Mr. Steward's argument that the Indictment itself fails to establish a connection between the drug trafficking counts and the attempted robbery, assault and firearms offenses, the Court finds that the Government's supplemental memorandum clearly establishes that connection. [Doc. 162]. The additional facts offered in this pleading reveal that Mr. Steward notified his co-conspirators of the

anticipated drug transaction and specified the exact amount of cash the CS planned to bring. [Doc. 162 at 5-9].[2]  This information, coupled with the fact that the drug transactions allegedly conducted by Mr. Steward in Counts 1-4 involved the same CS and the same location, sufficiently establishes that all of these counts constitute parts of the co-conspirators' scheme.

Lastly, Mr. Steward contends that admission of the conduct alleged in Counts 6-10 in one trial would be highly prejudicial because of the violent nature of those offenses and the fact they were committed near his home. The Government submits that a properly crafted jury instruction would suffice to avoid any prejudicial effect of a joint trial.

As noted above, Rule 14 grants a court discretion to order a separate trial of properly-joined counts if it appears that the defendant is prejudiced by their joinder. See Fed. R. Crim. P. 14(a). Such relief, however, is available only when a defendant can show "specific and compelling prejudice." *Zielie*, 734 F.2d at 1464. "Moreover, Rule 14 does not require severance even if prejudice is shown; rather, it leaves the tailoring of the relief to be granted, if any, to the district court's sound discretion." *Zafiro v. United States*, 506 U.S. 534, 538-539 (1993).  Further, the Eleventh Circuit

---

[2]  Mr. Steward objects to this Court's consideration of this additional proof but concedes that this Circuit allows the Government to proffer evidence in support of joinder prior to trial. [Doc. 136 at 2].  His request that this Court rely on opinions issued from the Sixth and Seventh Circuits to resolve this matter rather than our own is denied.

has consistently found that limiting instructions to the jury are a permissible, less drastic and preferred remedy to severance. <u>See</u>, *e.g., United States v. Francis*, 131 F.3d 1452, 1459 (11th Cir. 1977).

In the case at bar, Mr. Steward has failed to establish that he will suffer specific and compelling prejudice in a joint trial. The Government's evidence establishes that he was in contact with the CS on multiple occasions, facilitated every drug transaction and conspired with his co-conspirators to commit an act of violence – attempted robbery. Defense counsel will have the opportunity to zealously defend him at trial and request a jury instruction that would cure any risk of prejudice. Despite Mr. Steward's assertion that the jury's perception of his culpability in the drug trafficking transactions would be negatively impacted by the nature of the allegations in Counts 6-10, the Eleventh Circuit has held even in the case of prejudicial spillover, "'a court's cautionary instructions will ordinarily mitigate the potential spillover effect of evidence of a codefendant's guilt.'" *United States v. Lopez*, 649 F.3d 1222, 1235 (11th Cir. 2011)(quoting *United States v. Kennard,* 472 F.3d 851, 859 (11th Cir.2006)). Accordingly, Mr. Steward has failed to meet his high burden to show specific and compelling prejudice from joinder.

For the foregoing reasons and cited authority, the court **RECOMMENDS** that Mr. Steward's Motion to Sever Counts 5-10 for Trial be **DENIED.**

**SO RECOMMENDED AND ORDERED** this 23rd day of DECEMBER 2020.

REGINA D. CANNON
UNITED STATES MAGISTRATE JUDGE